SILVERMAN, Circuit Judge,
with whom
CLIFTON, Circuit Judge, joins, concurring in part and dissenting in part:
Like Chief Judge Kozinski, I concur in the judgment in Brooks. I agree with him *459 that no constitutional violation was shown. Brooks conceded that the police had the right to remove her from the car when she repeatedly refused to step out voluntarily. There are only so many ways that a person can be extracted from a vehicle against her will, and none of them is pretty. Fists, batons, choke holds, dogs, tear gas, and chemical spray all carry their own risks to suspects and officers alike. We see plenty of cases where someone on the business end of these techniques suffers serious injuries, not to mention injuries sustained by police officers who engage in hand-to-hand combat with recalcitrant individuals. In this case, tasing was a humane way to force Brooks out of her car, causing her only fleeting pain and virtually no other harm whatsoever. Because the force employed was not excessive, there was no constitutional violation.
As for Mattos, I agree with the district court that there are disputed issues of material fact on whether, under the law as it existed in August 2006, Mattos’s conduct justified the degree of force employed by Officer Aikala. Clearly established law then extant prohibited the officers from using disproportionate force in response to a trivial provocation. The existence of disputed facts about whether Mattos’s conduct was trivial is what requires a trial. This contrasts with the Brooks case, in which the undisputed facts showed that the police had the right to forcibly remove Brooks from her car.
Mattos had one version of their confrontation, Officer Aikala another. She says Officer Aikala bumped into her, pressed against her chest, and that she was merely shielding her breasts. Aikala, on the other hand, claims that Mattos, despite being warned to back off, fought with him as he tried to pull her away from her husband. Although the police are entitled to use force when they reasonably believe a suspect poses a danger, it was well settled in August 2006, the time of the events in this ease, that the use of force must be proportional to the gravity of the threat. See Smith v. City of Hemet, 394 F.3d 689, 701 (9th Cir.2005) (en banc); Deorle v. Rutherford, 272 F.3d 1272, 1279-80 (9th Cir.2001). Indeed, the Tenth Circuit has held that “it is excessive to use a Taser to control a target without having any reason to believe that a lesser amount of force — or a verbal command — could not exact compliance.” Casey v. City of Fed. Heights, 509 F.3d 1278, 1286 (10th Cir.2007). In Casey, the Tenth Circuit reversed the district court’s grant of qualified immunity on summary judgment because the officer’s “use of a Taser immediately and without warning” violated established law as of August 25, 2003. See id.
If Mattos’s story is credited and Aikala’s is disbelieved, Officer Aikala dropped a nuclear bomb when a BB gun would have sufficed. Was Officer Aikala’s tasing of Mattos a use of force disproportionate to Mattos’s conduct, or did her behavior justify it? Judge Ezra, a meticulous district judge, painstakingly examined the record and determined that, because the facts were in dispute about what Mattos did or did not do, a trial was necessary to resolve that question. Judge Ezra had granted summary judgment to the officers on qualified immunity grounds with respect to all of Mattos’s other claims; however, the judge determined that this one claim could not be resolved by motion. He was right.
Ashcroft v. al-Kidd instructs courts “not to define clearly established law at a high level of generality,” — U.S. —, 131 S.Ct. 2074, 2084, 179 L.Ed.2d 1149 (2011); however, al-Kidd should not be read to require a DNA-match between our precedent and the cases before us. See id. at 2083; Wilson v. Layne, 526 U.S. 603, 615, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999). *460-476 Precedent already on the books in August 2006 provided officers and courts with enough guidance to know that a taser in dart mode is not a toy and presents a level of force on par with other implements “used to subdue violent or aggressive persons.” Russo v. City of Cincinnati 953 F.2d 1036, 1040 n. 1 (6th Cir.1992). Because the district court correctly found that the circumstances facing Officer Aikala are disputed, summary judgment was properly denied. I would affirm the district court and, therefore, respectfully dissent.